**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

GREGORY ALLEN STANHOPE,

Petitioner - Appellant,

v.

CHARLES RYAN, Director ADOC;

Respondent - Appellee.

No. 08-16713

D.C. No. 4:07-cv-00002-DCB

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Arizona
David C. Bury, District Judge, Presiding

Submitted November 13, 2012[**]

Before:    CANBY, TROTT, and W. FLETCHER, Circuit Judges.

   Arizona state prisoner Gregory Allen Stanhope appeals from the district

court's order denying his motion to reconsider its judgment granting in part and

denying in part his 28 U.S.C. § 2254 habeas petition.  We have jurisdiction under

---

   [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

   [**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

28 U.S.C. § 2253, and we affirm.

The scope of Stanhope's appeal is limited to review of the district court's August 11, 2008, order denying his motion for reconsideration, as previously ordered by this court, and by the district court's order granting a certificate of appealability as to whether Stanhope's due process rights were violated when he was not allowed to call live witnesses at his disciplinary hearing, *see Hayward v. Marshall*, 603 F.3d 546, 554 (9th Cir. 2010) (en banc) (requiring a certificate of appealability to challenge an administrative decision), *overruled on other grounds by Swarthout v. Cooke*, 131 S. Ct. 859 (2011).

The district court concluded that Stanhope's due process rights were violated at one of his disciplinary proceedings, and ordered the state to remedy the violation by either restoring the 60 days of early release credits ("ERCs") forfeited in connection with that proceeding, or by affording Stanhope a new hearing. Stanhope contends that the district court erred by denying his motion for reconsideration, which argued that the state should have been ordered to expunge the disciplinary violation. The district court did not abuse its discretion by denying Stanhope's motion for reconsideration because he did not identify any new evidence, change in law, clear error, or manifest injustice regarding the habeas relief ordered. *See* 28 U.S.C. § 2243 (authorizing federal courts to dispose of

habeas matters "as law and justice require"); *Hilton v. Braunskill*, 481 U.S. 770, 775 (1987) (courts have broad discretion in selecting habeas remedies); *School Dist. No. 1J, Multnomah County, Or. v. ACandS, Inc.*, 5 F.3d 1255, 1262-63 (9th Cir. 1993) (setting forth standard of review and grounds for reconsideration).

By letter brief dated April 12, 2012, the state asserts that this appeal has become moot because the Arizona Department of Corrections restored the ERCs that Stanhope forfeited as a result of the disciplinary violation, and Stanhope has been paroled from the sentence he was serving when he filed this action to a consecutive term of imprisonment. We deny the state's request to dismiss this appeal as moot because Stanhope disputes whether it has complied with the district court's judgment. We express no opinion as to what remedies, if any, are available to Stanhope to address the state's obligations under the judgment.

We construe Stanhope's additional arguments as a motion to expand the certificate of appealability. So construed, the motion is denied. *See* 9th Cir. R. 22-1(e); *Hiivala v. Wood*, 195 F.3d 1098, 1104-05 (9th Cir. 1999) (per curiam).

The motion of John William Lovell, Esq., P.O. Box 1983, Tucson, Arizona 85702, (520) 829-4505, to withdraw is **GRANTED**. All other pending motions are denied as moot.

**AFFIRMED.**

08-16713